**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-6581**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD HAROLD SAUNDERS, JR.,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-94-17-11, CA-03-98-3)

─────────────

Submitted: July 24, 2003               Decided: July 30, 2003

─────────────

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Edward Harold Saunders, Jr., Appellant Pro Se. Jennifer Marie Hoefling, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Harold Saunders, Jr., seeks to appeal the district court's order denying his application for relief from judgment, in which he challenged his conviction for conspiracy to possess with intent to distribute cocaine based upon newly discovered evidence allegedly showing that he is actually innocent. The district court construed Saunders' pleading as a motion filed under 28 U.S.C. § 2255 (2000), and denied the motion as successive, noting that Saunders had not sought authorization from this court to file such a motion. This court may grant a certificate of appealability to appeal the denial of a § 2255 motion only if Saunders makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate "(1) 'that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and Saunders' informal brief and conclude that Saunders has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

We therefore deny a certificate of appealability and dismiss the appeal.

Pursuant to our decision in <u>United States v. Winestock</u>, __ F.3d ___, 2003 WL 1949822, at *7 (4th Cir. Apr. 25, 2003), we construe Saunders' notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000). Saunders' claims do not satisfy either of these conditions. Therefore, we decline to authorize Saunders to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3